IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONDELL FRANKLIN,<br><br>   Plaintiff,<br><br> v.<br><br>CITY OF PITTSBURGH, DANIEL ZELTNER, GARRETT SPORY, ANTHONY BURKE, JOSEPH LIPPERT, JOSEPH FABUS, MATT TRACY, ANTHONY SERETTI,<br><br>   Defendants. | 2:22-CV-01310-CCW |

**OPINION AND ORDER**

Before the Court is Defendants' renewed Motion to Dismiss, ECF No. 54, Plaintiff Rondell Franklin's operative Fourth Amended Complaint, ECF No. 53. Mr. Franklin, who is proceeding pro se and *in forma pauperis*, alleges violations of his civil rights by Defendants the City of Pittsburgh and certain of its police detectives that arose from a stop of his vehicle on February 24, 2022. For the following reasons, the Court will **GRANT** Defendants' Motion and dismiss Mr. Franklin's Fourth Amended Complaint with prejudice.

**I. Background**

 **A. Procedural Background**

Mr. Franklin filed his original complaint on September 27, 2022. To amend certain deficiencies with his pleadings, he filed two amended complaints—one without leave of Court, *see* ECF Nos. 23, 24, and one with leave of Court, *see* ECF No. 37. On February 27, 2023, Defendants filed a motion to dismiss his third amended complaint. ECF No. 39. The Court granted the motion, dismissing the case in its entirety but providing Mr. Franklin leave to amend. *See* ECF

No. 46.  Mr. Franklin has now filed a Fourth Amended Complaint, ECF No. 53.  In response, Defendants have filed the present Motion to Dismiss.  ECF No. 54.  With briefing complete, the Motion is now ripe for adjudication.  *See* ECF Nos. 55, 57, 58, 59.[1]

    **B.**    **Factual Background**

Mr. Franklin's Fourth Amended Complaint is predicated on the same circumstances as his third amended complaint, which the Court recounted in its prior Opinion.  *See* ECF No. 46 at 1–2.  In sum, while driving a silver Nissan Rogue on February 24, 2022, Mr. Franklin was stopped by law enforcement, handcuffed, taken into custody, and had his vehicle searched and seized.  *See generally* ECF Nos. 53, 53-1.  He alleges that Defendants' use of force, arrest, and search and seizure of his vehicle violated his constitutional rights.  *See generally id.*

Mr. Franklin has again attached the search warrant for the Nissan as an exhibit, which the Court is permitted to consider at this stage.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993).  Although Mr. Franklin challenges certain aspects of the search warrant, he does not allege that the search warrant is incorrect about the Pittsburgh Bureau of Police identifying Mr. Franklin's silver Nissan Rogue through a License Plater Reader system as the same vehicle believed to have fled the scene of a fatal shooting the day before.  ECF No. 53-1 at 5.  Rather, he tacitly acknowledges in his own allegations that law enforcement had information about this vehicle's involvement in a crime.  *See* ECF No. 53 at 3 (Mr. Franklin notes "the information possessed by the police showed a person getting out of the Nissan on the 23rd").  Therefore, at the motion to dismiss stage, the Court may consider this fact in assessing the legal sufficiency of his pleadings.

---

[1] Mr. Franklin filed a sur-reply, without receiving leave of Court, on July 24, 2023—six weeks after Defendants filed their reply.  Despite his sur-reply being untimely and unauthorized, the Court has still reviewed and considered it in its analysis.

In lieu of providing sufficient additional factual allegations to survive a motion to dismiss, Mr. Franklin's Fourth Amended Complaint primarily consists of legal arguments, with citations to caselaw. The new factual allegations he has provided in the Fourth Amended Complaint are the following: Mr. Franklin is "an African American who was born in the United States." *Id.* at 7. In addition, as relevant to the events on February 24, 2022, he asserts that, prior to his arrest, law enforcement "had no information that the person driving the vehicle at that time had allegedly been involved in a crime" because he had not committed any traffic violations and the driver of the silver Nissan Rogue on February 23rd differed in appearance from Mr. Franklin. *Id.* at 3. He also alleges that law enforcement had the vehicle "for nearly 4 hours before obtaining a warrant," the search warrant contained no information that evidence may be found in the vehicle, and the search warrant lacked the requisite specificity. *Id.* at 3–5. Finally, with respect to city officials, he asserts that, while on duty, the officers at the scene demonstrated a lack of care when "work[ing] for and under the City of Pittsburgh." *Id.* at 7–8.[2]

For the most part, Mr. Franklin has not linked his factual allegations to particular claims. In liberally construing his complaint, as it must, the Court has attempted to match the factual allegations to the most appropriate claim.

## II.    Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim. In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d

---

[2] To the extent that Mr. Franklin has included new allegations in his response in opposition and sur-reply that relate to named defendant, Joseph Lippert, those allegations cannot constitute an amendment of his complaint. *See Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (cleaned up)). In any event, if Mr. Franklin had properly pleaded these allegations, they would not impact the Court's analysis, because they relate to whether Mr. Franklin was arrested for purposes of his false arrest claim, and the Court has liberally construed his allegations as asserting that he was arrested.

Cir. 2008). Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "a formulaic recitation of the elements of a cause of action will not do." *Id.* Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than the sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss").

**III.    Analysis**

**A.  The Court Will Grant Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)**

Mr. Franklin has alleged violations of his constitutional rights, which the Court liberally construes as being brought pursuant to 42 U.S.C. § 1983 and, where applicable, Pennsylvania state law.  *See United States v. Delgado*, 363 F. App'x 853, 855 (3d Cir. 2010) (instructing courts to "liberally construe pro se filings with an eye toward their substance rather than their form").  His Fourth Amended Complaint asserts a false arrest claim, an excessive force claim, an unlawful search and seizure claim, and an equal protection claim.  In addition, he asserts claims against the City of Pittsburgh pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  Defendants argue that each of these claims should be dismissed pursuant to Rule 12(b)(6).[3]  For the following reasons, Mr. Franklin has failed to state a claim for each, and the Court will grant Defendants' Motion to Dismiss.

**1.    The Court Will Dismiss Mr. Franklin's False Arrest Claim**

In his prior third amended complaint, Mr. Franklin brought a claim for false arrest, which the Court found to be insufficient because he had failed to plausibly allege that law enforcement lacked probable cause at the time of his arrest.  His Fourth Amended Complaint continues to include a false arrest claim.  But under the header to this claim, he only recites legal standards.  For the few additional allegations that Mr. Franklin disperses throughout his Fourth Amended Complaint, the Court has attempted to identify which new factual allegations may relate to this

---

[3] Defendants also ask the Court to dismiss Mr. Franklin's Fourth Amended Complaint due to insufficient service of process pursuant to Rule 12(b)(5).  For the reasons set forth in its prior Opinion, the Court declines to do so.  *See* ECF No. 46 (describing the reluctance to dismiss a pro se civil rights complaint on improper service of process grounds) (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992), and *Alston v. Markel*, 157 F. Supp. 3d 379, 382 (D. Del. 2016)).  Rather, the Court will consider Defendants' substantive arguments pursuant to Rule 12(b)(6).

claim. *Delgado*, 363 F. App'x at 855. However, none of these facts are sufficient to plausibly allege a false arrest claim.

As the Court noted in its prior Opinion, ECF 46 at 5–7, to plausibly allege either a federal or state claim of false arrest,[4] a plaintiff must allege "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). Defendants have again argued that Mr. Franklin has failed to allege either element, given that he was merely questioned at police headquarters and law enforcement had sufficient probable cause.

Even if the Court assumes Mr. Franklin has plausibly alleged that he was arrested, taking the allegations as true, Mr. Franklin has, again, failed to plausibly allege that law enforcement lacked probable cause. Law enforcement have sufficient probable cause to arrest someone "when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1990). The burden to establish the absence of probable cause for such a claim falls on the plaintiff. *White v. Andrusiak*, 655 F. App'x 87, 90 (3d Cir. 2016); *see Gresh v. Godshall*, 170 F. App'x 217, 221 (3d Cir. 2006) (finding the plaintiff did not carry his burden of alleging officers lacked probable cause at the motion to dismiss stage).

Examining the new allegations that could reasonably apply to the false arrest claim, the Court does not find any of these new allegations sufficient to disturb its previous finding that Mr. Franklin has failed to plausibly allege that the officers lacked probable cause. First, he alleges that

---

[4] As noted previously, a false arrest claim can be brought under either the Fourth Amendment of the United States Constitution via § 1983 or Pennsylvania state law, and such claims are interpreted coextensively. *Russoli v. Salisbury Twp.*, 126 F. Supp. 2d 821, 839, 869 (E.D. Pa. 2000); *see Patzig v. O'Neil*, 577 F.2d 841, 849 n.9 (3d Cir. 1978).

6

he had not committed any traffic violations to justify his stop. In addition, Mr. Franklin alleges that law enforcement had no basis for concluding that the driver on the 24th, i.e., Mr. Franklin, was the same as the driver on the 23rd, i.e., the homicide suspect. Finally, he alleges that he differs in appearance from the driver on the 23rd, such that law enforcement should not have arrested him. These allegations do not overcome the fact that law enforcement identified Mr. Franklin's vehicle as the same one used to flee the scene of a homicide, using the License Plate Reader system. At the time of the purported arrest, law enforcement had the knowledge that Mr. Franklin was driving this vehicle a day later, which is sufficient for a reasonable person to believe that an offense was committed by the driver. Therefore, the Court finds that Mr. Franklin has failed to plausibly allege that officers lacked probable cause, such that his false arrest claim fails. Accordingly, Defendants' Motion to Dismiss the false arrest claim will be granted.

### 2. The Court Will Dismiss Mr. Franklin's Excessive Force Claim

Previously, the Court dismissed Mr. Franklin's excessive force claim because he did not plausibly allege that the force used by law enforcement was objectively unreasonable, given the severity of the crime at issue. Although Mr. Franklin's Fourth Amended Complaint has added citations to legal authority regarding this claim, *see* ECF No. 53 at 6–7, he has not alleged additional *facts* regarding the unreasonableness of the force used. The Court, therefore, will dismiss Mr. Franklin's excessive force claim for the reasons given in its prior Opinion. Accordingly, Defendants' Motion to Dismiss the excessive force claim will be granted.

### 3. The Court Will Dismiss Mr. Franklin's Unlawful Search And Seizure Claim

The Court previously dismissed Mr. Franklin's unlawful search and seizure claim because the search and seizure of his automobile was permissible under the automobile exception to the search warrant requirement. ECF No. 46 at 8–9. Mr. Franklin has now amended this claim and

included several new relevant factual allegations.  Specifically, he alleges that officers had possession of his vehicle for four hours before obtaining a warrant, the search warrant did not state whether evidence could be found in the vehicle, and the warrant lacked the requisite specificity. Even with these new allegations, the Court finds that he has not plausibly alleged that law enforcement violated his Fourth Amendment rights when they searched his vehicle.

Mr. Franklin's new allegations about the warrant cannot salvage this claim because, as the Court previously held, the automobile exception applied, which "permits vehicle searches without a warrant if there is 'probable cause to believe that the vehicle contains evidence of a crime.'" *United States v. Donahue*, 764 F.3d 293, 299–300 (3d Cir. 2014) (quoting *United States v. Salmon*, 944 F.2d 1106, 1123 (3d Cir. 1991));  *see also Gresh*, 170 F. App'x at 220–21 (finding the automobile exception applied at the motion to dismiss stage when "there is a fair probability that contraband or evidence of a crime will be found in a particular place").  Therefore, Mr. Franklin's new allegations do not disturb the Court's previous holding, and the Court finds that Mr. Franklin has not plausibly alleged that officers violated his Fourth Amendment rights when they searched his vehicle.  Accordingly, Defendants' Motion to Dismiss the unlawful search and seizure claim will be granted.

### 4. The Court Will Dismiss Mr. Franklin's Equal Protection Claim

Previously, the Court dismissed Mr. Franklin's equal protection claim because he failed to allege that he is a member of a protected class.  Mr. Franklin has now alleged that he is African American, which is sufficient to satisfy one aspect of this type of claim.  *See Bradley v. United States*, 299 F.3d 197, 206–07 (3d Cir. 2002) (requiring a plaintiff to show, *inter alia*, "that [he] is a member of a protected class" to state an equal protection claim).  However, besides this fact, Mr. Franklin's equal protection claim consists entirely of legal arguments.  Thus, it remains deficient

because he has not included any factual allegation to show how law enforcement's actions "(1) had a discriminatory effect and (2) were motivated by a discriminatory purpose," as required to succeed on an equal protection claim against law enforcement. *Alvin v. Calabrese*, 455 F. App'x 171, 177 (3d Cir. 2011) (citing *Bradley*, 299 F.3d at 205). Therefore, the Court finds that Mr. Franklin has failed to plausibly allege an equal protection claim. Accordingly, Defendants' Motion to Dismiss his equal protection claim will be granted.

### B. The Court Will Dismiss Mr. Franklin's *Monell* Claim

Mr. Franklin's Fourth Amended Complaint includes a "Claim Against the City of Pittsburgh for Civil Rights Violation," which the Court liberally construes to be a claim pursuant to § 1983 for municipal liability, known as a *Monell* claim. ECF No. 53 at 7. The Court noted in its prior Opinion that, to the extent Mr. Franklin was attempting to bring a *Monell* claim, he had failed to include the required allegation that his injuries were the result of a specific government policy or custom. *See Monell*, 436 U.S. at 694. In this case, Mr. Franklin has alleged new facts relating to this claim, specifically that the officers at the scene demonstrated a lack of care while on duty. With respect to identification of the policy or custom at issue, Mr. Franklin asserts only that his claim addresses "the laws that were broken by the very Defendants who work for and under the City of Pittsburgh." ECF No. 53 at 8.

Mr. Franklin's *Monell* claim remains deficient. His vague reference to "the laws" is not sufficient to meet his obligation to "identify a custom or policy, and specify what exactly that custom or policy was." *Santiago v. Warminster Twp.*, 629 F.3d 121, 135 (3d Cir. 2010) (quoting *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009)). Accordingly, Defendants' Motion to Dismiss his *Monell* claim will be granted.

**C.     The Court Will Dismiss Mr. Franklin's Fourth Amended Complaint With Prejudice**

Mr. Franklin has had multiple prior opportunities to amend his complaint. The Court will not grant him leave to file a fifth amended complaint, as amendment would be futile. *See Vurimindi v. City of Phila.*, 521 F. App'x 62, 66 (3d Cir. 2013) (when a court has provided "multiple opportunities to amend [the] complaint and gave specific instructions as to what must be included in order to state a claim for relief" but a plaintiff failed to do so, then further amendment would be futile). Accordingly, the Court will dismiss his Fourth Amended Complaint with prejudice.

## IV.    Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is hereby **GRANTED**. Mr. Franklin's Fourth Amended Complaint is hereby **DISMISSED** with prejudice.

DATED this 25th day of July, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via United States mail)

Rondell Franklin, pro se
71 Beltzhoover Ave
Pittsburgh, PA 15210